Filed 9/22/22  In re K.T. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re K.T. et al., Persons Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, | E078674 |
| Plaintiff and Respondent, | (Super.Ct.No. SWJ1900585) |
| v. | OPINION |
| L.T., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Kelly L. Hansen, Judge.

Reversed with directions.

Emily Uhre, under appointment by the Court of Appeal, for Defendant and

Appellant.

Minh Tran, County Counsel and Prabhath D. Shettigar, Deputy County Counsel,

for Plaintiff and Respondent.

1

L.T., Sr. (father) appeals the orders of the Riverside County juvenile court appointing a paternal aunt as guardian of his three minor children pursuant to section 366.26 of the Welfare and Institutions Code and terminating their dependency proceedings.[1] He argues conditional reversal of the orders is called for because respondent Riverside County Department of Public Social Services (Department) failed to comply in full with California's statutes enacted to implement and enhance the federal Indian Child Welfare Act (ICWA) in juvenile dependency proceedings. (25 U.S.C. § 1901 et seq.; Welf. & Inst. Code, §§ 224.2, 224.3; rule 5.481.)

In its responsive letter brief, the Department acknowledges there were inadvertent omissions in conducting an initial inquiry into the children's possible Indian ancestry, and does not oppose a conditional reversal and remand.

We conclude the juvenile court's finding that the Department made sufficient ICWA inquiries is not supported by the record and, therefore, conditionally reverse for compliance with the inquiry and reporting provisions set forth in section 224.2 and rule 5.481.

## BACKGROUND

In September 2019, the Department filed a section 300 petition alleging father's three children came within the juvenile court's jurisdiction because of domestic violence in the home of their mother and her boyfriend, and because their father was unable to provide a suitable and stable home environment because of his health issues and living

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise noted, and references to rules are to California Rules of Court.

2

conditions.  The children were left in the care of their parents pending further investigation.

At the out-of-custody hearing, both parents completed a Parental Notification of Indian Status ICWA-020 form as required by rule 5.481(a)(2)(C), stating they did not have Indian ancestry as far as they knew.  The court made a follow-up inquiry in accordance with subdivision (c) of section 224.2 and both parents confirmed they did not have Native American background, but it failed to advise the parents to inform the court if they subsequently received information that provides reason to know if the children are Indian children.  The court found the Department had conducted sufficient inquiry with respect to Indian ancestry and ICWA did not apply, noting the children were not being detained from their parents.

Shortly after the hearing, the mother absconded with the children after telling father she was leaving with them because she was afraid the Department would take them away.  The Department filed an amended petition and protective custody warrants were issued as to the children.

When the children were located, they were taken into protective custody and left with a foster care provider.  The Department filed a second amended petition and, in its report on jurisdiction and disposition, stated mother again denied Indian ancestry but father thought he may have Indian heritage.  The Department sent notices of the proceedings for each child to the Secretary of the Interior and the Bureau of Indian Affairs representative in Sacramento.  The court ordered the father to provide names and

3

contact information for relatives, and ordered the Department get in touch with them to obtain whatever information they had about their Indian ancestry.

By the time the March 2020 contested combined hearing on jurisdiction and disposition took place, a third amended petition had been filed.  Father had provided the name of a tribe he might be related to but it was not federally recognized and did not, therefore, come within ICWA.  (25 U.S.C. § 1903(8).)  His counsel believed that another tribe that was federally recognized claimed descendants of the tribe father identified.  The Department included the Tunica-Biloxi Indian Tribe of Louisiana (presumably the tribe counsel had referred to) when it sent ICWA notices of the hearing.  That tribe responded the children were not enrolled and were not eligible for membership because they did not meet either of the two conditions for enrollment, that is, the biological parents were not enrolled and the children were not enrolled by the end of their first birthdays.

At the hearing, the court sustained the petition, removed the children from both parents, continued them in foster care, and ordered family reunification services.  It found the Department had conducted sufficient inquiry with respect to Indian ancestry but held off making an ICWA determination because the most recent set of notices had been sent shortly before the hearing.

The day after the hearing, the children were placed with their paternal aunt, S.G.

At the September 2020 six-month review, the court placed the children with father on the condition they live together live in the home of the paternal aunt and that father complete his service plan.  It found ICWA did not apply.

The Department detained the children from father's care three months later (which was accomplished by requiring him to leave the paternal aunt's home) and filed a supplemental petition pursuant to section 387.

A contested hearing on the section 387 petition, the review of father's family maintenance services, and the combined 12 and 18-month reviews as to mother's services went forward in June 2021.  The court found the Department's ICWA inquiries were sufficient and that the children are not Indian children.  It sustained the section 387 petition as to father and removed the children from his custody, terminated reunification efforts as to mother, and set a section 366.26 hearing to select a permanent plan in March 2022.

At the 366.26 hearing, the court found the children were living with a relative who was unable or unwilling to adopt but was willing and capable of providing them with a stable and permanent home through legal guardianship.  It issued letters of guardianship appointing parental aunt S.G. as their guardian, and terminated the dependency proceedings.  Father appealed.

## DISCUSSION

Father's sole claim on appeal is the juvenile court erred when it found ICWA does not apply to his children because the Department had not conducted an adequate initial inquiry into investigation into the children's possible Native American ancestry and, in the case of father, it also failed to conduct a further inquiry.  The Department

acknowledges there were inadvertent omissions in conducting the initial inquiry that it intends to remedy, but does not specify what they are.

Section 224.2 imposes an affirmative and continuing duty on the Department and juvenile court to inquire whether a child for whom a section 300 petition may or has been filed, is or may be an Indian child. (§ 224.2, subd. (a).) An Indian child is defined as an unmarried person under the age of 18 who is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe. (25 U.S.C. § 1903(4).) An Indian tribe is defined as any Indian tribe, band, nation, or other organized group or community of Indians recognized as eligible for the services provided to Indians by the Secretary of the Interior because of their status as Indians, including any Alaska Native village. (25 U.S.C. § 1903(8).)

As relevant here, the Department's duty to inquire about a child's Indian status under the Act begins with its first contact with a family if a section 300 petition may be or has been filed. (§ 224.2, subd. (a).) If the Department takes the child into temporary custody, its duty to inquire whether the child is or may be an Indian child includes asking extended family members. (§ 224.2, subd. (b).) If initial inquiries give rise to a reason to believe that an Indian child is involved in the proceeding but there is not enough information to determine there is reason to know the child is an Indian child, then the court or the Department is required to make further inquiry, including interviewing extended family members to gather detailed information about the child's biological ancestors. (§§ 224.2, subd. (e)(2), 224.3, subd. (a)(5).)

6

Rule 5.481(a)(5) requires the Department to include in its filings on an ongoing basis a detailed description of all inquiries undertaken, and all information it received pertaining to the child's Indian status.

The juvenile court's ICWA findings are generally reviewed for substantial evidence, that is, the reviewing court must determine if the finding is supported by reasonable, credible evidence of solid value. (*In re Dezi C.* (2022) 79 Cal.App.5th 769, 777.) If the record does not reflect compliance by the Department with the requirements of subdivision (e)(2) of section 224.2 and rule 5.481(a)(5), then a finding that ICWA does not apply necessarily lacks support. (*Ibid.*) The issue then becomes whether the erroneous finding is harmless. (*Ibid.*)

Here, when the Department took the children into custody, the affirmative and ongoing requirements of asking extended family members whether the children are or may be Indian child and providing to the court detailed descriptions of inquiries made were triggered. (§ 224.2, subds. (a), (b); rule 5.481(a)(5).) But, other than reporting the caretaking paternal aunt S.G. said her great-grandmother had Native American ancestry, the Department did not seek to obtain ICWA information from extended family members even though the social worker spoke with several of them and could readily contact others. The Department's reports reveal, for example, that the social worker had spoken to a maternal aunt and an adult sibling but there is no mention of making ICWA inquiries in the course of those conversations. The worker also talked with a paternal aunt and two paternal uncles about the children but did not ask about the family's ancestry. No effort

7

was made to speak with the maternal grandmother and ask about Indian ancestry on her side of the family even though the Department had contact information for her.

In view of the Department's failure to comply with requirements that it ask extended family members about Indian ancestry and to include in its reports detailed descriptions of all inquiries undertaken, there was no factual basis to support the juvenile court's finding that it had made sufficient inquiries and ICWA did not apply.  Because those requirements are imposed by state law, reversal is permitted only if we find the error was prejudicial.  (Cal. Const., art. VI, § 13; *In re Benjamin M.* (2021) 70 Cal.App.5th 735, 742 (*Benjamin M.*).)

Although the children are placed in a guardianship with a paternal aunt in keeping with ICWA placement preferences (25 U.S.C., § 1915(b) [when an Indian child is accepted for foster care, the preferred placement is with a member of the child's extended family]), we cannot find the error harmless.  ICWA's purpose is not limited to protecting the interests of Indian children and their families, but encompasses as well the rights of the tribes to intervene in (or, in some cases, exercise jurisdiction over) a custody proceeding involving an Indian child.  (25 U.S.C. §§ 1901, 1902, 1911; *In re Isaiah W.* (2016) 1 Cal.5th 1, 7, 9.)

Naturally, a tribe cannot exercise its rights to intervene in a child custody proceeding if it does not have notice of it.  And, for proper notice to be given, there must be an adequate investigation to determine whether the child who is the subject of the proceeding has or may have Indian ancestry.  The duty of initial inquiry set forth in

section 224.2 and, in particular, the requirement that the Department interview extended family members is designed (i) to determine whether the child does or might have Indian ancestry, (ii) to identify the family's tribe or tribes of origin, and (iii) to gather as much of the data required by subdivision (a)(5) of section 224.3 to be included in notices to those tribes so they can determine whether the children are members, or eligible for membership in the tribe.

That those inquiries are crucial to protecting the rights of Indian families and tribes is underscored by rule 5.481(5), which provides the Department must, on an ongoing basis, include in its filings a detailed description of all inquiries, and further inquiries it has undertaken, the information received pertaining to the child's Indian status, and evidence of how and when the information was provided to the relevant tribes. Moreover, whenever new information is received, it must be expeditiously provided to the tribes. (Rule 5.481(5).)

As we explained in *Benjamin M.*, though we cannot know what extended family members will say when interviewed by the Department about the children's ancestry, their answers are likely to bear meaningfully on the question whether the child is or may be an Indian child, or not. (*Benjamin M.*, *supra,* 70 Cal.App.5th at pp. 744-745.)

## DISPOSITION

The orders terminating the dependency proceedings of father's three children and relieving all counsel are conditionally reversed and remanded.

On remand, the juvenile court is to reinstate the appointments of counsel and direct the Department to comply with the inquiry and notice requirements set forth in sections 224.2 and 224.3, and to comply with rule 5.481.

If the Department's compliance with the inquiry and notice requirements does not result in a finding that the children are Indian children, the court shall relieve counsel and terminate the dependency proceedings.

If compliance results in a finding the children are Indian children, the court shall afford the tribe an opportunity to intervene. If the tribe does not wish to intervene, the court shall relieve counsel and terminate the dependency proceedings. If the tribe does wish to intervene, then the court shall set a hearing to afford the tribe an opportunity to present arguments seeking a permanent plan other than legal guardianship with paternal aunt S.G.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.

We concur:

McKINSTER

J.

FIELDS

J.

10